UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-3054-JBM |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs and negligence at the Taylorville Correctional Center ("Taylorville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On an unidentified date, Plaintiff fell and injured his shoulder. On October 26, 2019, he was seen by Defendant Dr. Nawoor who provided only Tylenol. Plaintiff asserts that this did little to relieve the pain and, that in the next two months, he went to the healthcare unit 10 times seeking pain relief. Plaintiff was prescribed a course of physical therapy, but when he requested

1

MRI diagnostic testing, was told he would have to complete a six-week course of therapy before the MRI would be scheduled.

Plaintiff underwent an MRI on February 21, 2020. The test revealed an injury to the rotator cuff and a full thickness tear of the biceps tendon. Plaintiff claims that he should have had a surgical correction at this time, but this was not done until October 9, 2020, some eight months after the MRI results were known. Plaintiff makes the general claim that "medical staff" and Wexford were aware of the extent of his injuries, but impermissibly delayed surgery. Plaintiff claims that his orthopedic surgeon indicated that, had the repair been effected earlier, the surgery would have been less extensive. Plaintiff also asserts that a second surgery will be necessary as a stent placed in his biceps tendon has failed. Plaintiff requests compensatory and punitive damages.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016).

Here, Plaintiff asserts that Dr. Nawoor was both deliberately indifferent and negligent in the treatment he provided. However, Plaintiff has only pled seeing Defendant Nawoor on one occasion, October 26, 2019. At that time, Defendant prescribed Tylenol for pain. While Plaintiff alleges that this was ineffective, he does not claim that Defendant Nawoor was aware of this.

2

While Plaintiff claims he went to the healthcare unit 10 times, seeking pain relief, he does not allege that he saw Dr. Nawoor or that Dr. Nawoor was notified of his complaints. While Plaintiff has complained that an MRI was not done sooner, and surgery scheduled sooner, he does not plead against Dr. Nawoor as to either of these complaints.

As a result, the Court finds that the factual basis pled by Plaintiff is insufficient to support the inference that Defendant knew or should have known that Plaintiff's condition required an analgesic stronger than Tylenol. This, particularly, as Plaintiff does not allege any subsequent treatment by Defendant which could have reasonably caused Defendant to reevaluate and change his original treatment plan. The same applies to the alleged delay in scheduling the MRI and subsequent surgery. Plaintiff does not claim that he was seen by Defendant on subsequent occasions, and that he informed Defendant that he continued to experience severe pain so that different treatment might have been considered. As a result, Plaintiff fails to allege a factual basis to support that any delay in treatment was attributable to Defendant Nawoor, whom according to his pleadings, he saw on only one occasion.

As noted, Plaintiff also asserts that Dr. Nawoor was negligent in the care he provided. It is clear, however, that allegations of mere negligence will not state a constitutional claim. *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (negligently inflicted harm does not amount to a constitutional violation). If Plaintiff seeks to proceed on a state law negligence claim regarding medical treatment, he must assert it under the Illinois Healing Arts Malpractice statute. 735 ILCS 5/2-622 et. seq. The statute requires that a plaintiff provide an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). *See also*, *Young v.*

*U.S.*, 942 F.3d 349 at *2, 2019 WL 5691878 (7th Cir. 2019) (Plaintiff must provide affidavit and certificate of merit by summary judgment stage).

Plaintiff complains against Defendant Nursing Director Eggiman that she canceled his low bunk permit, and that until it was reinstated four days later, he suffered significant pain accessing the top bunk. "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind…With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994).

Here, Plaintiff does not allege that Defendant Eggiman was aware of his condition, or aware that canceling his low bunk permit would cause him harm. Plaintiff does not plead that he had any contact with Defendant Eggiman and that her changing his sleeping arrangements amounted to a disregard for his medical condition. As a result, Plaintiff fails to plead that Defendant had the culpable state of mind necessary to plead a deliberate indifference claim. *See Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988 (7th Cir.1998) (deliberate indifference "is more than negligence and approaches intentional wrongdoing.").

Plaintiff names Healthcare Administrator Hockney, IDOC Director Jeffreys and Administrative Review Board member Benton in the caption but plead no claims against them. Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Furthermore, the mere fact that Defendants have supervisory authority over others fails to state a claim, as § 1983 limits liability to public employees "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th

4

Cir.2009). Prison administrators are entitled to relegate to others the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates. *Id.* Defendants Hockney, Jeffreys and Benton are DISMISSED.

Plaintiff's generalized allegations against "medical staff" and "nurses" must also be dismissed. This is so, as the allegations are too vague to state a claim or put any potential Defendant on notice of the claims against him. *See Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir. 2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) ("[t]he essential function of a complaint under the civil rules…is to put the defendant on notice of the plaintiff's claim.") Plaintiff will have an opportunity to replead these claims, should he wish.

While Plaintiff names Wexford, he does not allege that he was injured due to a Wexford policy. Wexford is potentially liable only if its policy or practice caused a constitutional injury. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). *See also, McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.)

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is DISMISSED for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have an opportunity, within 30 days, in which to replead. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff files [7], a letter requesting the status of this case. [7] is rendered MOOT by this order. Plaintiff is instructed that in the future, if he seeks relief of this Court, he is to file it in the form of a motion.

3. Plaintiff files [8], requesting the recruitment of pro bono counsel. Plaintiff has provided documents to support that he attempted to obtain counsel on his own. The inquiry does not end there, however, as the Court must determine whether plaintiff appears competent to litigate his own claims. This is so, as the Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). This inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyiolo*a, 718 F.3d 692, 696 (7th Cir. 2013). Plaintiff claims to have only an eighth-grade education and to be unschooled in the law. The Court notes, however, that Plaintiff has filed three prior cases and here, has filed a cogent complaint alleging deliberate indifference against two medical providers. At this stage, the claim does not appear unduly complex and clearly involves issues of which Plaintiff has direct, personal knowledge. [8] is DENIED.

4. Plaintiff files [9] requesting a copy of the merit review order. [9] is GRANTED, as the Clerk is to follow normal procedures in forwarding a copy of this order to Plaintiff at his place of confinement. Plaintiff files [10], asking leave to file a request for punitive damages. [10] is rendered MOOT, however, as Plaintiff filed a request for punitive damages with his complaint.

5.  Plaintiff files [11], requesting an extension as to a scheduling order. The Court has not entered a scheduling order and will not do so until Plaintiff's complaint passes merit review and Defendants are served [11] is MOOT.

ENTERED:  5/14/2021

                                            s/Joe Billy McDade
                                            JOE BILLY McDADE
                                            UNITED STATES DISTRICT JUDGE