UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 21-cv-3054-JBM |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging inadequate medical treatment at the Taylorville Correctional Center ("Taylorville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has filed a lengthy amended complaint against Taylorville, Taylorville staff, Wexford, and Wexford staff. Plaintiff has pled unnecessary detail, opinion, and argument and has attached numerous documents to his complaint, including 18 grievances. These documents were not necessary and have not been considered in determining whether petitioner may proceed with his claim. See *Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis.

1

Mar. 26, 2007) (declining to consider "inmate grievances and prison officials' responses to them").

## MATERIAL FACTS

On October 26, 2019, Plaintiff fell on an ice-covered sidewalk at the entrance to the recreation yard. Plaintiff blames the fall on the "negligence" of unidentified staff who failed to clear the sidewalk. Plaintiff experienced pain in his arm, though it is not clear which arm, and walked to the healthcare unit. There, he was seen by an unidentified physician who failed to order any testing. On November 9, 2019, a physician undertook x-rays which were negative for fracture. It is unclear whether this was the same physician who had seen Plaintiff on October 26, 2019 or a different individual. The physician diagnosed Plaintiff with a pulled muscle, prescribing ibuprofen for the pain.

After the fall, Defendant Megan, believed to be Director of Nursing Megan Eggiman, provided Plaintiff with a low bunk permit. Defendant Megan canceled the low bunk permit in late January or early February 2020 for reasons which are unclear. Plaintiff complains that, as a result, he was forced to climb a two-step ladder to access the top bunk. This allegedly caused Plaintiff significant pain, although he does not allege that he informed Defendant of this.

Plaintiff alleges that the physician who saw him on October 26, 2019 did not order the proper testing, causing a delay in diagnosis and treatment. It appears that an MRI was not done until February 21, 2020, and when done, revealed a tear to the rotator cuff and a full-thickness tear to the biceps tendon. Plaintiff asserts that he would have had a better result and less disability had the diagnosis been made earlier.

Plaintiff alleges that in the interim, he was seen in the healthcare unit approximately 22 times but complains that he was not seen by an "HCP," whom he describes as a health care

provider such as a physician, physician's assistant, or nurse practitioner. While it is likely that Plaintiff was seen by nurses, he does not affirmatively state this and provides no information as to any of these 22 visits. Plaintiff also complains that an individual, name and status unknown, prescribed him six weeks of physical therapy which caused extreme pain and only exacerbated the injury.

After the MRI results were made known, Defendant Megan met with Plaintiff. She reinstated the bottom bunk permit and apologized, stating that she and others believed that Plaintiff had been faking. While Plaintiff blames Defendant Megan for canceling the low bunk permit, he inconsistently pleads that "Wexford staff" are the individuals who determine whether low bunk permits will issue, without asserting that Defendant is employed by Wexford.

On October 29, 2020, Plaintiff underwent surgery by Dr. El Bitar. Plaintiff alleges that Dr. El Bitar told him that the surgery would have been less extensive, and the outcome would have been better had it been done sooner. Plaintiff alleges that the procedure failed to properly reattach the biceps muscle. Plaintiff apparently seeks additional surgery, although asserting that "the surgeon is not even confident enough to attempt to repair…" Plaintiff pleads without any detail, that Taylorville and Wexford staff "recklessly disregarded" the surgeon's postoperative orders, substituting their own protocols, which resulted in Plaintiff suffering extreme pain.

Plaintiff appears to question whether he should bring an action against Dr. El Bitar for the "failed" surgery. He asks whether the Court would "require" that Dr. El Bitar's insurer pay the costs for any additional surgery which might be indicated. While Plaintiff appears to consider an action against Dr. El Bitar, he has not actually pled one.

Plaintiff repeatedly alleges that all Defendants acted in negligence, which "may even rise to the level of deliberate indifference." Plaintiff requests many millions of dollars in damages.

3

These include lost wages of $75,000 per year for a 30-year period, the costs of future surgery, loss of consortium, and compensation for permanent disability.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The failure to address pain readily treatable pain may be evidence of deliberate indifference. *Petties v. Carter*, 836 F.3d 772, 730 (7th Cir. 2016), as amended (Aug. 25, 2016).

Here, Plaintiff vaguely pleads as to one or more unidentified physicians. The bare claim that he was seen on October 26, 2019 and an MRI or other intervention was not initially ordered fails to state a claim. This is so, as Plaintiff does not allege that he subsequently met with this individual, complaining of continued symptoms. The claim that a physician on a subsequent visit ordered x-rays, without doing more, also fails where Plaintiff does not plead any detail as to the symptoms with which he presented, so as to imply that the physician should have taken different action. While Plaintiff also complains about the individual who referred him for physical therapy, he does not identify him by the name, job description or status.

Plaintiff makes vague allegations that Taylorville and Wexford staff did not adequately treat or alleviate his pain. He makes no attempt to identify these individuals, reveal the dates on which he requested such treatment, or the responses which he received. These allegations are too vague to state a claim or put any potential Defendant on notice of the claims against him. *See Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th

Cir. 2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) ("[t]he essential function of a complaint under the civil rules…is to put the defendant on notice of the plaintiff's claim.")

The only Defendant mentions by name is Defendant Megan who canceled his low bunk policy. Confusingly, Plaintiff later claims that "Wexford staff" has the authority to issue or refuse low bunk permits. Plaintiff offers nothing to suggest that Defendant Megan was aware that he had symptoms which required a low bunk permit, or aware that canceling the low bunk permit would cause him harm. In fact, when the MRI results were known, Defendant Megan reinstated the low bunk permit. The fact that Defendant believed Plaintiff had been faking does not support that she was subjectively deliberately indifferent. In fact, it implies the opposite, that she did not "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original) (internal citations omitted).

Plaintiff does not, in fact, plead deliberate indifference at all. Rather, he pleads negligence, which he claims "might even" rise to the level of deliberate indifference. Here, Plaintiff has not pled a constitutional claim, but rather, a state law tort. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (allegations of mere negligence do not state a constitutional claim).

Plaintiff pleads nothing against Dr. El Bitar and appears to be soliciting the Court's opinion as to whether he should bring an action against Dr. El Bitar for medical malpractice. It is not the Court's job to give such advice. Further, as Plaintiff has previously been informed, if he wishes to state a state law claim of medical malpractice, he must assert it under the Illinois Healing Arts Malpractice statute. 735 ILCS 5/2-622 et. seq. The statute requires that a plaintiff provide an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn*

*v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). *See also*, *Young v. U.S.*, 942 F.3d 349 at *2, 2019 WL 5691878 (7th Cir. 2019) (Plaintiff must provide affidavit and certificate of merit by summary judgment stage).

Plaintiff has once again named Wexford without identifying any specific Wexford policy which caused him injury. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). *See also, McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Plaintiff may not bring a §1983 claim against Wexford based merely on the alleged negligence of its employees. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) ("the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983.")

Plaintiff also appears to assert that Wexford will not authorize another MRI and additional surgery. He claims, however, that the surgeon who has treated him does not recommend additional surgery and does not claim that anyone has recommended an additional MRI.

Plaintiff has paid little heed to the instructions the Court provided in the prior merit review order. He will be given a final opportunity, however, to amend. Plaintiff is to file a succinct second amended complaint, identifying by name or description those individuals who caused him harm. He is to identify, to the extent possible, the dates he interacted with these individuals and the complaints which he related to them. If Plaintiff pleads deliberate indifference against a Defendant, he is to allege facts to support that that Defendant "actually knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728. Plaintiff is to plead

6

his claims against each Defendant in separate counts and separately numbered paragraphs as provided in Fed. R. Civ. P. 10(b) and is to avoid pleading against Defendants collectively.

**IT IS THEREFORE ORDERED:**

1.	Plaintiff's amended complaint is DISMISSED for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity, within 30 days, to file a Second Amended Complaint which is to include all his claims without reference to a prior pleading. The failure to file a second amended complaint which comports with the Court's instructions will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.	Plaintiff's Motions for Status [17] and [18] are rendered MOOT by this order.


ENTERED:	__11/3/2021_____

                                                  __s/Joe Billy McDade____
                                                  JOE BILLY McDADE
                                        UNITED STATES DISTRICT JUDGE